UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AIRPRO SYSTEMS, INC. f/k/a ) | |
| AIRPRO SYSTEMS, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:11-00526 |
| ) | Judge Sharp |
| PROLOGIS NORTH CAROLINA ) | |
| LIMITED PARTNERSHIP, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

The Motion for Summary Judgment filed by Defendant Prologis North Carolina Limited Partnership ("Prologis") (Docket No. 14) presents the question of whether Prologis, as a commercial land owner, had a duty to disclose to its commercial tenant that the property being leased was located in a flood plain. Having considered the arguments raised by Prologis (Docket Nos. 15 & 20), as well as those presented by Plaintiff Airpro Systems, Inc. ("Airpro") in opposition to the Motion (Docket No. 17-1), the Court concludes that, under the uncontroverted facts presented, no such duty existed and Prologis is entitled to summary judgment.

### I. FACTUAL BACKGROUND

The relevant facts are undisputed and are as follows:

Prologis and Airpro entered into a commercial lease agreement dated May 3, 2007 ("the Lease") for industrial property located at 131 Space Park South Drive, Nashville, Tennessee. Airpro concedes that the agreement between the parties is wholly contained within the Lease, and the Lease contains an integration clause that indicates no representations or promises, other than

1

those contained within the Lease, have been made between the parties.

Among other things, the Lease states:

> Landlord has made no representation or warranty as to the suitability of the Premises for conduct of Tenant's business, and Tenant waives any implied warranty that the Premises are suitable for Tenant's intended purposes. Except as provided in Paragraph 10,[1] in no event shall Landlord have any obligation for any defects in the Premises or any limitation on its use.

(Lease, Docket No. 14-1 ¶ 2) (footnote added). With respect to insurance, the Lease provides, in pertinent part, that "Tenant, at its expense, shall maintain during the Lease Term: all risk property insurance covering the full replacement cost of all property and improvements installed or placed in the Premises by Tenant at Tenant's expense[.]" (Id. ¶ 9).

In late April and early May 2010, after days of steady rain Nashville suffered severe flooding. The leased property was damaged by flood waters, and Airpro allegedly "sustained damages to its property, equipment and material in the amount of $310,236.00," as well as "an amount of business and profits that have yet to be determined." (Complaint Docket No. 1-3 ¶ 4).

After the flood, Airpro learned that Prologis had flood insurance, and subsequently filed suit in the Circuit Court for Davidson County alleging that Prologis was negligent in failing "to disclose or warn Airpro" of the "known dangerous condition" that the property was in a flood zone. (Id. ¶ 7). The case was removed to this Court, and the pending Motion for Summary Judgment followed.

## II. LEGAL DISCUSSION

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See

---

[1] Paragraph 10 addresses Prologis' obligation to make repairs to the roof, foundation, and external walls.

Fed. R. Civ. P. 56(c); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

In moving for summary judgment, Prologis relies on several cases that generally stand for the proposition that a lessor or landowner is not required to inform renters or buyers that the subject property is prone to flooding. For example, in Starks v. Albermarle County, 716 F. Supp. 934 (W.D. Va. 1989), the district court dismissed plaintiffs' claims for fraud and deceit against a real estate developer, premised upon the developer's failure to disclose that a lot was subject to flooding. In doing so, the court observed that "the only allegations" against the developer was that "he failed to reveal the flood-prone nature of the plot prior to its sale," and there was no allegation that the developer "did anything to divert [plaintiffs] from making inquiries or inspecting the premises," or that the develope made any fraudulent statements that would dissuade the buyers from making any inquiries or inspection. Id. at 937.

Similarly, in Howard v. McFarland, 515 S.E.2d 629 (Ga. App. 1999), summary judgment was granted on a fraud claim based upon allegations that the seller of property knew, but failed to disclose, that the subject property was built on a flood plain. In affirming, the Georgia Court of Appeals held that the plaintiffs failed to "show they exercised due diligence to protect themselves from fraud," and wrote:

> The law does not afford relief to one who suffers by not using the ordinary means of information, whether the neglect is due to indifference or credulity. When the means

3

> of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means he will not be heard to say, in impeachment of the contract of sale, that he was deceived by the vendor's representations.

Id. at 631 (citation omitted).

Similarly, in M & D, Inc. v. W. B. McConkey, 585 N.W.2d 33 (Mich. App. 1998), a fraud claim by a purchaser of commercial property that flooded shortly after closing was rejected, even though the realtor personally had observed flooding of the property in the past. This was so because "there was no evidence that plaintiff ever asked whether the property had experienced any flooding, and defendants never make any representation concerning flooding[.]" Id. at 26. Even under a theory of "silent fraud," plaintiffs could not recover because a vendor's duty to disclose material facts arises only "when the vendor and purchaser have generally discussed the condition at issue – when the purchaser has expressed some particularized concern or made a direct inquiry – and the seller fails to fully disclose the material facts within the seller's knowledge related to the condition and the buyer detrimentally relies upon the resulting *misdirection*." Id. at 29 (italics in original).

Finally, in Nelson v. Wiggs, 699 So.2d 258 (Fla. App. 1997), plaintiffs brought a claim for recision when, upon settling into their home, they discovered that it was subjected to seasonal flooding. In affirming the judgment in favor of the seller, the Florida Court of Appeals noted that, while there are distinctions "between causes which involve negligent misrepresentation . . . and no representation at all . . . in both types of cases, a buyer must take reasonable steps to ascertain the material facts relating to the property and to discover them – if, of course, they are reasonably ascertainable." Id. 261. Since the buyers, through "diligent attention" could have discovered the "flood-prone nature of the area," recision was inappropriate. Id. at 261; see also, Gill v. Marquoit, 424 P.2d 1030, 1032 (Ore. 1974) (footnotes omitted) (no duty to disclose that "the land was

4

subjected to recurring inundation" if the purchaser has "equal opportunities for obtaining information" relating to flooding).

In response to Prologis' Motion for Summary Judgment, Airpro offers no cases which impose a duty on landlords to affirmatively state – in the absence of inquiry from a buyer – that the property being leased or purchased is in a flood zone, or prone to flooding. Instead, Airpro's entire opposition is premised on the proposition that "[i]n Tennessee, there is a long-held duty on landlords to disclose to tenants known dangerous conditions to the property that is being leased." (Docket No. 17-1 at 4). Airpro relies on Maxwell v. Davco Corp., 776 S.W.2d 528 (Tenn. Ct. App. 1989), a personal injury action which arose after an employee working in leased premises was injured while fixing an overhead garage door. In affirming the grant of summary judgment in favor of the landlord, the Tennessee Court of Appeals wrote:

> The common law of landlord liability in Tennessee has long been established. In this state, a landlord is liable to a tenant on the ground of negligence, not of contract, for an injury resulting from an unsafe or dangerous condition of leased premises that was in existence at the date of the lease, if the landlord by the exercise of reasonable care should have known, and for a greater reason, if he had actual knowledge of the condition of the premises; *provided, however, that as of the date of the accident the tenant did not have knowledge or could not by the exercise of reasonable care have had knowledge of such condition*.

Id. at 531-32 (italics added).

Even based upon the language in Maxwell, Airpro's claim fails because it has not shown the exercise of reasonable care. While Chris Creech ("Creech"), the owner of Airpro, states in his Affidavit that he does "not know how to find out what properties or areas are in flood plains," (Docket No. 17-2 ¶ 5), "[o]rdinary or reasonable care is 'the care an ordinarily prudent person would take under the circumstances.'" Marla H. v. Knox County, 361 S.W.3d 518, 537 (Tenn. Ct. App. 2011) (citation omitted). The prospect of possible future flooding is ascertainable from "reasonably

5

accessible public documents." Shaw v. Robertson, 705 S.E.2d 210, 341 (Ga. App. 2010); see, Wise v. Milan Township, 2003 WL 21105080 at *6 (N.D. Ohio 2003) ("the location of the flood plain . . . is a matter of public record"). Moreover, Creech could have asked Prologis or neighboring tenants whether the property was prone to flooding. He did not make any such inquiry, nor does he allege that he asked anyone, including his own insurance agent, whether the property was in a flood zone.

Airpro's negligence claim also fails because it has failed to show the breach of any duty by Prologis, an essential requirement of a negligence claim. See, McCall v. Wider, 913 S.W.2d 150, 153 (Tenn. 1995). Cases such as Starks, Howard, M & D, Inc., Nelson, and Gill suggest no such duty and, although each is based upon out-of-state authority, all are in keeping with Tennessee's rule that, "[w]hile individuals have an obligation to refrain from acting in a way that creates an unreasonable risk of harm to others, the law generally does not impose on individuals an affirmative duty to aid or protect others." Downs *ex rel.* Downs v. Bush, 263 S.W.3d 812, 819 (Tenn. 2008).

### III. CONCLUSION

Based upon the foregoing, Prologis' Motion for Summary Judgment (Docket No. 14) will be granted. The Motions to Ascertain Status (Docket Nos. 21 & 22) will be denied as moot.

An appropriate Order will be entered.

*[signature: Kevin H. Sharp]*

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

6

Case 3:11-cv-00526   Document 23   Filed 06/20/12   Page 6 of 6 PageID #: 105